IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 SEP -8  PM 2:53
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| HOLLY NICHOLE CAGLE | § § | A06CA716 SS |
| VS. | § § | CIVIL ACTION NO._____ |
| HAYS COUNTY, WILLIAM D. MONTAGUE AND JOHN PASTRANO | § § § § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Holly Cagle, brings this suit because she was illegally sexually assaulted while in custody of a law enforcement officer on or about September 10, 2004, causing her damages.

I.

Parties and Service

1. Plaintiff Holly Cagle is an individual that is a citizen of the State of Texas..

2. Defendant Hays County, Texas may be served through its County Judge, Honorable James L. Powers, at Hays County Courthouse, San Marcos, 78666.

3. Defendant William Montague may be served at 700 Grande St., Driftwood, Texas 78619. Montague is the former sheriff of Hays County. At all times herein, he acted under color of State law and in the course and scope of his employment as Hays County Sheriff. He is sued in his individual and official capacity.

4. Defendant John Pastrano may be served at 1637 Post Rd. Apt. G-101, San Marcos,

Texas 78666. At all times herein, he acted under color of State law and in the course and scope of his employment as a law enforcement officer; he is sued in his individual and official capacity.

II.

Jurisdiction and Venue

5. This is an action for deprivation of rights under 42 U.S.C. § 1983. Jurisdiction is therefore conferred under 28 U.S.C. §1331 and §1343.

6. In addition, the court has supplementary jurisdiction 28 U.S.C. §1367 over related State law claims under the Texas Tort Claims Act because Plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

7. Venue in the Austin Division is proper under 28 U.S.C. §1391(b) as the events or omissions giving rise to this suit occurred in this Division (i.e. Hays County).

III.

Facts and Causes of Action

8. On or about September 10, 2004, Plaintiff suffered personal injury when Defendant John Pastrano illegally strip searched and sexually assaulted Plaintiff. Plaintiff was driving a friend home when she was pulled over by Pastrano.

9. Plaintiff was detained by officer John Pastrano who was acting within the course and scope of his employment as a law enforcement officer for Hays County Sheriff's Department.

10. Plaintiff was asked by Pastrano to move the car to a church parking lot. Plaintiff then sat in the back seat of Pastrano's law enforcement vehicle, at his request. After conversing for several minutes, Pastrano proceeded to perform a strip search of Plaintiff.

2

11. This illegal strip search was an unreasonable intrusion of Plaintiff's 4th and 14th amendment rights.

12. Defendant Pastrano used unreasonable, unnecessary, and excessive force while detaining Plaintiff, thus violating Plaintiff's 4th and 14th amendment rights.

13. The injuries suffered by Plaintiff were significant and substantial.

14. Defendant Montague, as Hays County Sheriff, was the chief law enforcement officer for Hays County and hence the County's final policy maker in matters of law enforcement, empowered to define objectives and choose the means of achieving them without County approval, and the ultimate repository of law enforcement power for Hays County.

15. At the time of the arrest, Defendant Montague was acting under the color and laws and Montague, acting individually and as Hays County policy maker failed to:

(a) adequately train, supervise, discipline his deputies in general which caused, condoned and/or ratified the acts and omissions leading to the deprivations of Plaintiff's civil rights, and was deliberately indifferent to said inadequacies;

(b) adopt and/or enforce constitutionally sound policies and procedures regarding said training, supervision and discipline of officers, which caused, condoned and/or ratified the acts or omissions leading to the deprivation of Plaintiff's civil rights, and was deliberately indifferent thereto.

16. Hays County Sheriff's Department had a policy/custom in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. Defendant Hays County, acting by and through its policy maker(s), violated Plaintiff's Constitutional rights as detailed herein by virtue of:

(a) policy, ordinance, regulation or decision officially adopted by the County or by an official to whom it had delegated policy-making authority; and/or

(b) persistent, wide-spread practices, customs or traditions of which County officials or employees which, while not officially adopted, was so common and settled as to constitute a custom that fairly represented policy, of which Defendant Hays County, acting by and through its policy makers, had actual or constructive knowledge and notice.

17. The exercise of these established policies/customs violated Plaintiff's clearly established rights under the United States Constitution's 4th and 14th Amendments against unreasonable seizure of her person, illegal strip searches, and against the use of unreasonable, unnecessary, and excessive force.

18. Defendant Pastrano acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established constitutional rights.

## IV.

### Supplementary State Claims

19. Pleading further and in the alternative, Plaintiff would show that Defendant Hays County is liable for the negligence of its employee, John Pastrano with respect to his use of a motor-driven vehicle and tangible personal property, specifically the use of his badge, uniform and gun.

20. The Court has jurisdiction over this claim under the Texas Tort Claims Act because the Texas Legislature waived sovereign immunity for claims involving personal injury caused by either: 1) the negligent use of a motor-driven vehicle by Defendant's employee, if Defendant would be liable under Texas Law, or; 2) the negligent condition or use of tangible personal property, if the

Defendant would be liable to Plaintiff according to Texas Law. *Tex. Civ. Prac. & Rem. Code* §101.021.

21. On or about September 10, 2004 Plaintiff suffered personal injury when John Pastrano, an employee of Defendant Hays County, was negligent in using a motor-driven vehicle and negligent in using or misusing tangible personal property, including the use of his badge, uniform and gun.

22. This duty was breached when Pastrano used the badge, uniform, gun, and vehicle to initiate the detention of Plaintiff, illegally strip search, sexually assault and batter her in the vehicle.

23. The duty was further breached when Pastrano intentionally inflicted emotional distress on Plaintiff during the commission of the sexual assault.

24. This negligence was the proximate cause of Plaintiff's injuries. Pastrano was acting in the course and scope of his employment and had a duty to exercise ordinary care in using the badge, uniform, gun and vehicle reasonably and prudently.

25. Defendant had actual notice of Plaintiff's claim, and written notice was not required. Plaintiff notified the Hays County Sherif's Department of the above-described events several hours after they took place.

V.

Damages

26. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

(a) Mental anguish in the past and future.

(b)     Physical pain and suffering in the past and future.

(c)     Medical expenses in the past and future.

## VI.

### Attorneys Fees

27.     Plaintiff seeks reasonable and necessary attorneys fees and litigation expenses per 42 U.S.C. §1988.

## VII.

### Prayer for Relief

WHEREFORE, Plaintiff prays that Defendants be served and that upon hearing Plaintiff has of and from Defendants, jointly and severally, actual and punitive damages, attorneys fees, costs of Court, pre-judgment and post-judgment interest, and all other relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

DAW & RAY, L.L.P.

By: _____

Keith Wier; TBN: 21436100
Capital One Plaza
5718 Westheimer, Suite 1750
Houston, Texas  77057
(713) 266-3121 Telephone
(713) 266-3188 Facsimile

**ATTORNEY FOR PLAINTIFF
HOLLY CAGLE**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Holly Cagle

**DEFENDANTS**
Hays County, William D. Montague, John Pastrano

(b) County of Residence of First Listed Plaintiff: **Hays County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Hays County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Keith Wier, Daw & Ray, L.L.P.
5718 Westheimer, Suite 1750, Houston, Texas 77057
(713) 266-3121

Attorneys (If Known)
**A06CA716 SS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause:
Sexual Assault by Law Enforcement Officer

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: September 8, 2006

SIGNATURE OF ATTORNEY OF RECORD: *Keith Wier* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

387217

AO82
(Rev. 4/90)

ORIGINAL

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**WESTERN DISTRICT OF TEXAS** at Austin

RECEIVED FROM Daw + Ray LLP
5718 Westheimer Ste 1750
Houston, TX 77057

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 086900 | 60.00 |
| 604700 | Registry Funds | 510000 | 190.00 |
| | General and Special Funds | 086400 | 100.00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | TOTAL | 350.00 |
| 086900 | Filing Fees | | |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference |
| 322360 | Miscellaneous Fees | 1-06-CV-716 |
| 143500 | Interest | |
| 322380 | Recoveries of Court Costs | |
| 322386 | Restitution to U.S. Government | new case |
| 121000 | Conscience Fund | |
| 129900 | Gifts | Cagle v. Hays County |
| 504100 | Crime Victims Fund | et al |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | |
| 510100 | Registry Fee | |

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn. 19930

DATE 9-8-06  Cash ☐  Check ✓  M.O. ☐  Credit ☐   DEPUTY CLERK [signature] C